## NEWARK MACHINE Co. *v.* GAAR and others.[1]

(*Circuit Court, D. Indiana.* November 18, 1886.)

1. PATENTS FOR INVENTIONS—CLOVER-HULLERS—SEED-CLEANERS.

On the same record and evidence as in *Newark Machine Co.* v. *Hargett*, 28 Fed. Rep. 567, the decision in that case followed.

2. SAME—CONSTRUCTION OF CLAIMS—INFRINGEMENT.

If the patentability of the devices claimed in letters patent No. 322,465, of July 21, 1885, to Miller, for recleaner for grain-separators, be conceded, the claims must, in view of the prior art, be construed strictly; and, not being found in defendants' machine, *held*, there was no infringement.

In Chancery.

*Wells W. Leggett, M. D. Leggett, Wm. & Lew Wallace,* for plaintiff.
*Wood & Boyd,* for defendants.

WOODS, J.  The questions presented here, excepting one, are the same which were recently considered and decided, and as I think correctly decided, in the case of *Newark Machine Co.* v. *Hargett,* 28 Fed. Rep. 567.  The record and evidence in the two cases, it is conceded, are the same; but it is insisted that these defendants are shown to have infringed the device covered by patent No. 322,465, issued July 21, 1885, to Miller.  The claims of that patent are two, and read as follows:

"(1) A recleaning attachment for grain-separators, consisting, essentially, of a hopper, a screen for receiving the grain from the hopper, an elevator having a chamber at its lower end, and its upper end arranged to deliver the grain to the hopper, and an inclined conductor having one end connected directly with the chamber of the elevator, and its upper end formed into a mouth, arranged under the discharge mouth of the screen to convey the tailings to the chamber of the elevator, substantially as set forth.

"(2) The combination, with a separator, of a recleaning device, consisting, essentially, of a screen, an elevator for elevating the tailings to the screen, and a spout arranged directly between the screen and elevator for receiving the tailings from the screen, and discharging them into the elevator frame or casing."

If the patentability of the device described in each claim be conceded, it is clear, in the light of the earlier art, that these claims must be construed strictly,—and, so construed, were not infringed by the defendants, whose recleaning attachments have not had "a spout arranged directly between the screen and elevator," nor "an inclined conductor having one end connected directly with the chamber of the elevator."  Besides, the evidence shows, as I view it, that these devices or claims had been anticipated by the Shively recleaner.

Bill dismissed for want of equity.

[1] Edited by Charles C. Linthicum, Esq., of the Chicago bar.